**CONTINENTAL CASUALTY CO. et al. v. LAWSON, Deputy Commissioner.***

No. 1077.

District Court, S. D. Florida.

Mar. 9, 1932.

Additional Opinion Mar. 28, 1932.

Patterson & Knight, of Miami, Fla., for complainants.

Wilburn P. Hughes, U. S. Atty., of Jacksonville, Fla., and Joseph P. Lieb, Asst. U. S. Atty., of Tampa, Fla., for defendant.

RITTER, District Judge.

This matter comes on to be heard upon an application for an injunction staying the payment of awards of compensation made by the defendant, Richard P. Lawson, deputy commissioner of the United States Employees' Compensation Commission, to one J. I. Roberts, being Case No. 200—1 in the Sixth Compensation District, said order and award of compensation being dated the 14th day of January, 1932. This proceeding is brought under section 21 (b) of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 921 (b). The claimant, J. I. Roberts, lost the use of an eye as the result of it being struck by a piece of steel while using tools as a carpenter in the repairing of a boat owned by one Elmore Daniels.

The particular section involved in this case has not received consideration upon sim-

ilar facts in any reported case, so far as my attention has been called by respective counsel in the case, or my search has revealed. The section must be considered in reference to the whole act (33 USCA § 901 et seq.). It is evident, from a consideration of this act, that the purpose was to give compensation to a class of workers which would come under no state compensation act, and prevent the payments awarded to the injured being delayed and indefinitely held up by injunction, review, or appeal. The injured man usually needs money immediately, as the class protected by the act are working people who seldom have any surplus money to carry over a period of unemployment due to injury and the expenses incident thereto.

The section under consideration aforesaid provides: "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings." Before the court, therefore, can consider injunction, he must inquire if the proceedings before the deputy commissioner have been in accordance with law. This does not mean that the court must examine into administrative facts in evidence before the deputy commissioner, but must refer to jurisdictional facts and statutory procedure. That is, the court must determine: (1) Whether the injury occurred upon the navigable waters of the United States, including any dry dock; (2) whether workmen's compensation proceedings in cases of this kind can be had under a state law of Florida; (3) whether the relation of master and servant existed in maritime employment; (4) whether notice and hearing was duly had before the deputy commissioner. These are made, by the act, jurisdictional questions, and the duty is upon the court, upon an application for injunction, to find out whether such matters appear in the case in accordance with the law prescribed.

Upon an examination of the evidence offered before the deputy commissioner, as contained in his report and his findings of fact, I find the evidence discloses the fact that the boat in question had been, by the use of a cradle, lifted from the Miami river, which is a navigable stream, onto a dock where it could be repaired under proper conditions. The deputy commissioner found the boat to be on a dry dock. Counsel for the petitioners argue strenuously that this was not a dry dock. Whatever may have been the definition of a dry dock in the past, the definition must be enlarged to include modern facilities for repairing boats out of the water, as the meaning of the term, used in its common, ordinary sense, means a dry place to work in. The fact that the boat was hauled up on the land, where the repairs were made, does not withdraw it from the definition. A maritime railway is used to bring a boat up out of the water onto a dock, and such facility has been construed as a dry dock. Perry v. Haines, 191 U. S. 17, 24 S. Ct. 8, 48 L. Ed. 73; North Pacific Steamship Co. v. Hall Bros. & Co., 249 U. S. 119, 39 S. Ct. 221, 63 L. Ed. 510. I think the facts sufficiently disclose that Roberts was engaged on a dry dock as a carpenter to repair the vessel, which was a maritime contract and within the jurisdiction of admiralty.

There is no compensation law in Florida, under which the claimant Roberts could receive compensation. The compensation act precludes recovery if Roberts had been employed by the master of the boat to repair any small vessel under eighteen tons net. The evidence clearly establishes that the boat in question was of about five tons, and that the claimant Roberts was employed by the owner of the vessel; that the vessel had no master, as defined in law. The proceedings before the deputy commissioner were upon due notice and hearing, and evidence taken. All the jurisdictional facts, therefore, being present, I conclude that the proceedings were in accordance with law.

The next question is as to the findings of the deputy commissioner upon the remaining questions of fact with respect to the injury and the compensation, within the purview of the act. Such being supported by evidence, and within the scope of his authority, are final, and will not be reviewed by this court.

The act prescribes that no injunction shall issue staying the payments fixed by the deputy commissioner in whole or in part except "where irreparable damage would otherwise ensue to the employer." The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, "that such irreparable damage would result to the employer, and specifying the nature of the damage."

The petition alleges that Roberts is insolvent, is profligate, wastes his earnings and drinks intoxicating liquors to excess, and the evidence submitted is that the employee is impecunious, and his character and financial condition are such that no recovery probably can ever be had from him in the event the compensation order of the commissioner is

set aside in whole or part. Such a condition, it is asserted, is sufficient to meet the irreparable injury to the employer contemplated by the act. I do not think this is the meaning of the section under consideration. If such were its intent, it would be in only a few instances where an injunction would be refused. The purpose of the law is that where the compensation award may be too heavy for the employer, as a self-insurer, to pay without practically taking all his property or rendering him incapable of carrying on his business, or where, by reason of age, sickness, or other circumstances, a condition is created which would amount to irreparable injury.

In this case the employer, Daniels, has paid a premium to the Continental Casualty Company for an insurance policy covering just such a happening as has occurred. The employer will not be compelled to pay the compensation. The insurance company must do that. The act does not apply to the insurance company.

There was no evidence before me that the compensation order in this case could not be paid by either of the petitioners without serious financial injury. It may be that, should the award be set aside, neither of the petitioners can recover back from the injured the money paid him prior to such setting aside, but that is not the sole damage contemplated by the act.

Having determined, therefore, that the proceedings are in accordance with law, in that all the jurisdictional facts are present, and that there will result to the employer no irreparable injury, the petition for an injunction is denied.

I call attention of counsel to the case of Letus N. Crowell, as Deputy Commissioner for the Seventh Compensation District of the United States Employees' Compensation Commission v. Charles Benson, 285 U. S. 22, 52 S. Ct. 285, 76 L. Ed. 598, decided February 23, 1932, by the Supreme Court of the United States, wherein the constitutionality of the compensation act is fully discussed in all its particulars, and the duty of the District Court and the deputy commissioner defined, and which is the authority for the opinion which I give in this case.

### Additional Opinion.

The complainants have earnestly requested me to consider the facts of the award by the commissioner. I stated in my former opinion that the findings of fact by the commissioner were final. The complainants seek to overcome that situation by ascertaining that the award is not in accordance with the law and therefore I should examine the method of the commissioner in arriving at his award by using the comparison of the earnings of Smith.

Where the award of the commissioner appears from the record to have been arbitrary and unreasonable or where fundamentally unjust methods were adopted to produce unfair results, such as using manifestly a wrong classification, the court would most certainly act and not consider the commissioner's award upon the facts as final. Under which conditions, the award would not be in accordance with the law as contained in the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 901 et seq.); Andrew F. Mahoney Co. et al. v. Marshall (D. C.) 46 F.(2d) 539; Gunther v. U. S. Employees' Compensation Commission (C. C. A.) 41 F.(2d) 151; Arizona Copper Co. v. Hammer, 250 U. S. 400, 39 S. Ct. 553, 63 L. Ed. 1058, 6 A. L. R. 1537; Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U. S. 408, 52 S. Ct. 187, 76 L. Ed. 366.

The cases cited by counsel apply where the commissioner manifestly used subdivision (b) instead of (e) of section 910, title 33, US CA. In the instant case the commissioner very properly applied subdivision (e). I see no error in his method of arriving at the award under that section.

"In many cases actual earnings alone are not sufficient upon which to base an award. By this subdivision the commissioner is given wide latitude, and is authorized to take into consideration the earnings of others of the same class as important factors." Luckenbach S. S. Co., Inc., v. Marshall (D. C.) 49 F.(2d) 625, 628.

I see no reason to change my former rulings.