LUCKENBACH S. S. CO., Inc., v. NORTON et al.

No. 9887.

District Court, E. D. Pennsylvania.
Dec. 27, 1937.

George F. Blewett, of Philadelphia, Pa., for plaintiff.

J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and J. Barton Rettew, Jr., Asst. U. S. Atty., of Philadelphia, Pa., for defendant Norton.

E. Herman Fuiman, of Philadelphia, Pa., for claimant, Nagornik.

MARIS, District Judge.

This is a bill in equity for an injunction to restrain a Deputy Commissioner of the United States Employees' Compensation Commission from enforcing an award of compensation made by him under the Longshoremen's and Harbor Workers' Compensation Act, § 1 et seq., as amended, 33 U.S. C. c. 18, § 901 et seq., 33 U.S.C.A. § 901 et seq. The plaintiff has moved for an interlocutory injunction, pending final hearing, and in support of its motion urges that it will be irreparably damaged by the enforcement of the order. The irreparable damage will result, so it alleges, from the fact that it will be unable, by reason of the claimant's insolvency to recover back from him, if the award is set aside on final hearing, the compensation payments made in the interim. The fact of insolvency is not denied by the claimant as indeed it could hardly be since he is a longshoreman without property and must perforce use the weekly compensation payments in question for his maintenance and support.

The present motion is made under the provisions of section 21(b) of the act, 33 U. S.C. § 921(b), 33 U.S.C.A. § 921(b), which are as follows:

"(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the Supreme Court of the District of Columbia if the injury occurred in the District). The orders, writs, and processes of the court in such proceedings may run, be served, and be returnable anywhere in the United States. The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage."

It will be observed that under the statute a review of a compensation order is by a bill in equity for an injunction. Such a proceeding invokes the equity jurisdiction of the court and is subject to the usual rules under which injunctive relief is granted. Northwestern Stevedoring Co. v. Marshall, 9 Cir., 41 F.2d 28. An interlocutory injunction may, therefore, only be granted under circumstances which would justify it in an ordinary injunction proceeding. Under the general rules of equity jurisprudence, an interlocutory injunction will not issue unless a reasonably clear case of necessity and otherwise irreparable injury is made out. Louisville & N. R. Co. v. Western Union Telegraph Co., 6 Cir., 252 F. 29. It will thus be seen that the statutory requirement that the granting of an interlocutory injunction in the proceeding now before us must be supported by a finding of irreparable damage is but a statement of the rule applicable

in all injunction proceedings. It thus becomes clear that the words are used in the statute in the sense in which they are understood in all such proceedings.

■■ The general rule in equity is that an injury is deemed irreparable when it cannot be adequately compensated in damages due to the nature of the injury itself or the nature of the right or property injured, or when there exists no certain pecuniary standard for the measurement of the damages. Lewis & Spelling on Injunctions, pp. 80, 81; Trade Dollar Consol. Mining Co. v. Fraser, 9 Cir., 148 F. 585; Scherman v. Stern, 93 N.J.Eq. 626, 117 A. 631. In the present case it is obvious that plaintiff's outlay for compensation payments, since they represent merely disbursements of cash, can be adequately compensated in damages if they are found to have been unlawfully exacted.

■ The plaintiff urges, however, that, even though its injury may be so liquidated and repayment by the claimant directed, it will nonetheless be irreparably damaged because its judgment will be uncollectible. It has been held, however, that if an injury may be adequately compensated in damages, the circumstance, that the party who will be liable to pay them may be unable to do so, does not of itself make the injury irreparable so as to authorize the issuance of an injunction. Atkinson v. Philadelphia & T. R. Co., Fed.Cas. No. 615; Strang v. Richmond, P. & C. R. Co., C. C., 93 F. 71; Heilman v. Union Canal Co., 37 Pa. 100; Continental Casualty Co. v. Lawson, D.C., 2 F. Supp. 459; Robins Dry Dock & Repair Co. v. Locke, 1933 A.M.C. 467. The two cases last cited were decided under the Longshoremen's and Harbor Workers' Compensation Act and, therefore, directly support the conclusion to which we have come. Those cases contain a suggestion as to what might be considered irreparable damage under the act. That question we have not considered, however, since it is only necessary for us in this case to decide, as we do, that financial inability of the claimant to repay compensation paid to him under an order found to be illegal is not such damage. Since this is the only damage which the plaintiff in the present case urges as a basis for the interlocutory injunction it seeks, it follows that it has failed to establish the necessary basis for such an order.

The plaintiff's motion for an interlocutory injunction is refused.