## TRAVELERS INS. CO. v. NORTON, Deputy Com'r, et al.

### No. 762.

### District Court, E. D. Pennsylvania.

### April 10, 1940.

J. B. H. Carter and Evans, Bayard & Frick, all of Philadelphia, for plaintiff.

J. Barton Rettew, Jr., Asst. U. S. Atty., and J. Cullen Ganey, U. S. Atty., both of Philadelphia, Pa., for defendant Norton.

Theodore L. White, Jr., of New York City, for defendant Peterson.

BARD, District Judge.

The bill of complaint in the instant case contains a prayer for an interlocutory injunction pursuant to the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, c. 509. Section 21 (b), 44 Stat. 1436, 33 U.S.C.A. § 921(b).[1]

On November 18, 1938, plaintiff insured Atlantic & Gulf Stevedores, Inc., against liability under the Longshoremen's and Harbor Workers' Compensation Act, and on that day Charles J. Peterson, an employee of the insured, was injured in the course of his employment, from which injuries he subsequently died.

On May 5, 1939, defendant Pauline S. Peterson filed a claim for compensation as the widow of Charles J. Peterson. Subsequently hearings were held, and defendant Norton, deputy commissioner of the United States Employees Compensation Commission, entered an order making an

---

[1] "(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred. * * * The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage."

award in the sum of $710.04, and ordering continuing compensation at $11.64 per week beginning January 20, 1940.

. The findings of fact by defendant Norton include the following pertinent to the matter before this Court: "That on April 4, 1916, claimant was married to said Charles J. Peterson; that they lived together as man and wife until the early part of the year 1922; that Peterson then removed to Philadelphia because of employment there; that it was understood at first that he would bring claimant to live with him in Philadelphia as soon as he could conveniently do so and that he would in the meantime contribute to her support; that he did not contribute to her support after May 12, 1922; that about that time she offered to live with him in Philadelphia but he did not accept this offer and at no time requested her to join him in Philadelphia; that in September 1922 he began to live with Irene Tull and held her out as his wife, and continued to do so until the date of his death; that Pauline Peterson in 1924 was aware that her husband was living with another woman; that Pauline at the time of the death of Charles Peterson was living apart from him for justifiable cause and by reason of his desertion;"

### Plaintiff's Contentions.

On February 3, 1940, the present bill in equity was filed. Plaintiff contends (1) defendant Peterson was not living apart from her decedent husband "for justifiable cause or by reason of desertion at the time of death;" that by her own conduct she has destroyed any presumption of dependency even though the evidence might demand a finding that the original separation was due to the decedent's misconduct; that (2) she is financially irresponsible and if the final decision should be in favor of the plaintiff, it would be impossible for plaintiff to recover the payments erroneously paid and the plaintiff will suffer irreparable damage.

### Law.

1. The finding of the fact by the Deputy Commissioner that the defendant, Pauline S. Peterson, was living apart from her husband "for justifiable cause and by reason of his desertion" must be considered as final if supported by some competent evidence. Northwestern Stevedoring Company v. Marshall, 9 Cir., 41 F.2d 28, 29; Whitfield v. Hoage, 63 App.D.C. 237, 71 F. 2d 690, 692; South Chicago C. & D. Co. v. Bassett, Deputy Commissioner, 7 Cir., 104 F.2d 522, 526. An examination of the record discloses that the Commissioner's finding is supported by substantial evidence.

2. Plaintiff's second contention that the defendant Peterson is financially irresponsible and the plaintiff would suffer irreparable damage because it would be impossible for the plaintiff to recover the payments erroneously paid was decided in Luckenbach S. S. Co. v. Norton, D. C., 21 F.Supp. 707. In a well-considered Opinion by Judge Maris it was held that financial irresponsibility of the claimant to repay compensation paid to him on an order found to be illegal is not such irreparable damage as would entitle the plaintiff to an interlocutory injunction.

The plaintiff's motion for an interlocutory injunction is refused.