**TUCKER et al. v. NORTON.**

**Civ. A. No. 2739.**

District Court, E. D. Pennsylvania.

Nov. 19, 1942.

Asst. U. S. Atty., of Philadelphia, Pa., for defendant.

### KALODNER, District Judge.

Plaintiffs' complaint seeks to suspend or set aside through injunction proceedings a compensation order (more specifically, an award) granted by the defendant, the Deputy Commissioner of the United States Employees' Compensation Commission, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq. The action is brought under Section 21(b) of the Act, 33 U.S.C.A. § 921(b). The present motion, however, is for an interlocutory injunction to stay the payment of the amount required by the award pending final disposition of the complaint.

Section 21(b) of the Act provides that no such stay shall be granted unless " * * * irreparable damage would otherwise ensue to the employer". It is well settled that where the application is based merely upon the ground that those making the payments under the award will not be able to recover them back from the employee because of the latter's financial irresponsibility, such application does not constitute a showing of such "irreparable damage" as within the meaning of the Act would justify granting an interlocutory injunction. Luckenbach Steamship Company v. Norton, D.C., 21 F.Supp. 707 (this District); M. P. Smith & Sons Company v. Clark, Deputy Commissioner, et al., 1932 A.M.C. 143; Continental Casualty Company v. Lawson, Deputy Commissioner, D.C., 2 F.Supp. 459.

Conceding this, the plaintiffs advance the distinctly novel contention that should they make the payments under the award such payments would be "voluntary" and as such would not be recoverable in the event the compensation order should subsequently be set aside and that consequently the plaintiffs would suffer "irreparable damage".

In support of this contention, plaintiffs argue that payment of a compensation award is similar to the levy and assessment of a tax by a duly constituted taxing authority.

Such contention is utterly without merit. There is no analogy between a tax assessment and an award under the Longshoremen's Act.

A tax assessment is an ex parte action. It does not attain the dignity of a proceed-

Louis Wagner, of Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and J. Barton Rettew, Jr.,

ing. The party taxed does not appear, nor is he represented by counsel.

On the other hand, an award in a compensation order is a proceeding under Section 19 of the Act, 33 U.S.C.A. § 919, in which the employee, the employer and the carrier take part, and are represented by counsel if they so desire. The proceeding involves the filing of a claim by the employee, and notification of the employer and carrier of the filing of the claim. If the employer and carrier desire to contest the claim, they have the opportunity of filing an answer. The issues raised by the claim and answer then come to trial before the deputy commissioner, with opportunity afforded to both the employer and carrier to examine claimant's witnesses and to produce their own testimony. It is only after hearing has been had, and after the deputy commissioner makes his findings of fact, that a compensation order issues either rejecting the claim or making an award.

Once the award is made by the deputy commissioner it becomes payable forthwith according to its terms. A lien for the compensation attaches to the assets of the carrier or employer, under Section 17 of the Act, 33 U.S.C.A. § 917, and the lien attaches without the necessity of the compensation order being recorded, docketed or filed.

Should the employer fail to comply with the award, the beneficiary of such award may apply for its enforcement to the Federal District Court, in which event the court by writ of injunction or other process may enjoin the employer to comply with the order, under Section 21(c) of the Act, 33 U.S.C.A. § 921(c).

Section 21(c) specifically provides: " * * * If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order."

From the foregoing discussion it is apparent, therefore, that an award in a compensation order does not have the complexion of a "voluntary" payment—but on the contrary is an order to pay forthwith,

being effective immediately upon filing, under Section 21(a) of the Act, 33 U.S.C.A. § 921(a).

It is highly significant that in discussing injunction proceedings to suspend or set aside an award, Section 21(b) provides: " * * * The payment of the amounts *required* by an award shall not be stayed * * *." (Emphasis supplied.)

Thus it will be seen that upon the filing of the compensation order, an immediately payable obligation accrues which binds the employer and carrier, and that such obligation can only be released or modified by the allowance of an interlocutory injunction under Section 21(b).

For the reasons stated, the motion for interlocutory injunction suspending the payment of the amount required by the award during the pendency of these proceedings is denied.

NOTE:—It must be stated that—ingenious and novel though the plaintiffs' contention may be—it patently is of such a character that it defeats itself. The plaintiffs' contend in their brief that there is no legal compulsion upon them to make these payments, and that their failure to make any payments under the award cannot result in an attachment either against their person or property. Assuming, for the sake of argument, that no legal compulsion rests on plaintiffs to make the payments as directed in the award—and that there can be no sequelae consequent upon their failure to make the payments, such as an attachment on their person or property—then how can they demonstrate any *necessity* for an interlocutory injunction to prevent them suffering "irreparable damage"?

If the plaintiffs are correct in their contention then they are in no need of the aid of this court, since they are not burdened (according to their own theory) by any such circumstance or legal compulsion as would justify the intervention of a court of equity by way of injunctive relief. Further, if as the plaintiffs contend a compensation order is not enforceable except by resort to the procedure prescribed in Section 18 of the act, "Collection of defaulted payments", 33 U.S.C.A. § 918, it is difficult to understand why they appealed from the award.