**AMERICAN SHIPBUILDING CO. et al. v. McMANIGAL, Deputy Com'r, U. S. Employee's Compensation Commission, et al.**

Civil Action No. 2785.

District Court, W. D. New York.

April 5, 1946.

Mortimer A. Sullivan, of Buffalo, N. Y., for plaintiffs.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (R. Norman Kirchgraber, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for defendants.

KNIGHT, District Judge.

Plaintiffs have filed a bill of complaint praying this court to issue process requiring defendants to appear and answer, to suspend and set aside a compensation order made by defendant McManigal on January 28, 1946, to permanently enjoin defendants from taking any action for the enforcement thereof, and, pending final decision, to issue an interlocutory injunction staying the payment of the amounts required by such award and any and all proceedings for the enforcement thereof.

A temporary stay was allowed by this court pending an order directed to the defendants to show cause why said interlocutory injunction should not be granted. On the return day of said order, the parties appeared by their attorneys, who thereafter submitted briefs on the question of the interlocutory injunction.

The allowance of such an injunction is governed by Longshoremen's and Harbor Workers' Compensation Act, Sec. 21(b), U.S.C.A., Tit. 33, § 921(b), which provides:

"The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall con-

tain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage."

On the return day of the order to show cause, or thereafter, no such evidence as required by statute was submitted to this court. Plaintiffs' attorney, in his memorandum, contends that the award herein is not merely the ordinary award for weekly compensation but contains also a lump award already due of $1758.82 up to November 30, 1945, and $16.66 per week thereafter; that defendant Reynolds has admittedly lost no time from work since the accident of February 14, 1943; that he was then earning $100 a week and continued to work at this salary until November 22, 1943; since which date he has admittedly been earning $75 weekly "and there is therefore no pretense of a claim that he would be financially embarrassed by the withholding of the payment of this award or that he or his family would suffer thereby."

The memorandum concludes with the paragraph: "Since the hearing on the merits of this proceeding can be held promptly and for the further reason that the financial status of the claimant precludes any embarrassment by reason of the withholding of payment of the award pending this Court's decision, it is respectfully requested that the relief herein prayed for may be granted."

Plaintiffs' verified bill of complaint alleges (par. 12) that, if they were required to make payments prior to final decision by this court or by an appellate court on the validity of the compensation order, they would suffer irreparable damage by "deprivation of their property without due process of law and without reasonable or adequate means or remedy for the recovery thereof."

To obtain the interlocutory injunction for which they pray, plaintiffs must submit evidence to the court that "irreparable damage would result to the employer, and specifying the nature of the damage." This they have failed to do.

[1] Plaintiffs are not deprived of their property without due process of law. Crowell v. Benson, 285 U. S. 22, 45–48, 52 S.Ct. 285, 76 L.Ed. 598. They have not shown that defendant is financially irresponsible. On the contrary, it appears from the memorandum of their attorney that he is now earning $75 a week and that he would not "be financially embarrassed by the withholding of the payment of this award or that he or his family would (not) suffer thereby."

 Even if plaintiffs had submitted evidence to this court that defendant Reynolds is in such financial condition that it is likely no recovery of payments could be had, this alone would not justify the interlocutory injunction. Luckenbach S. S. Co. v. Norton, D.C., 21 F.Supp. 707, 709. Something further must be shown. Walliser v. Bassett, D.C., 33 F.Supp. 636, 638–639. In the case at bar, the plaintiffs have submitted to this court no evidence whatsoever that "irreparable damage would result to the employer." Since they have not complied with the express requirements of the statute—Harbor Workers' Compensation Act, Sec. 21(b), U.S.C.A., Tit. 33, § 921(b)—their prayer for an interlocutory injunction must be denied.

It is still too early for this court to adjudicate on the other relief prayed for by the plaintiffs in their verified bill of complaint.