**PIONEER ENGINEERING CO. et al. v. CARDILLO et al.**

No. 6041.

District Court, E. D. Pennsylvania.

Sept. 11, 1946.

Raymond A. White, Jr., and Raymond J. Porreca, both of Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Dist. Atty., and Russell L. Hiller, Asst. U. S. Dist. Atty., both of Philadelphia, for defendants.

WELSH, District Judge.

Pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., the plaintiffs, Pioneer Engineering Company and New Amsterdam Casualty Company, incidental to their action for judicial review of a compensation order and award entered by Deputy Commissioner Frank A. Cardillo, on May 17, 1946, filed their present motion for an interlocutory injunction to stay payment under said order and award.

Sec. 21(b) provides inter alia: "The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage."

The plaintiffs rely on the above quoted portion of the Act and urge that they will be damaged irreparably if the order and award in favor of the claimant in the amount of $1,791.79 is enforced. The irreparable damage will result, so they argue, from the fact that they will be unable, by reason of the claimant's financial irresponsibility to recover back from him, if the award is set aside on appeal, the compensation payments made in the interim.

It appears from an examination of the record that the plaintiffs failed to allege and prove the financial irresponsibility of the claimant. However, this court is not inclined to permit the ultimate disposition of this motion to rest upon such a basis, for there is abundant authority for the principle that the financial inability of the claimant to repay compensation paid to him under an order found to be illegal is not such irreparable damage as is required by the Act. See Luckenbach S. S. Company, Inc., v. Norton et al., D. C., 21 F.Supp. 707; Tucker et al. v. Norton, D.C., 47 F.Supp. 762; and, in Travelers Ins. Company v. Norton, 32 F.Supp. D.C., 501, 502, Judge Bard in following the rule originally enunciated in Luckenbach S. S. Company v. Norton, supra, stated: "In a well-considered Opinion by Judge Maris it was held that financial irresponsibility of the claimant to repay compensation paid to him on an order found to be illegal is not such irreparable damage as would entitle the plaintiff to an interlocutory injunction."

As the financial irresponsibility of the claimant is the only irreparable damage which the plaintiffs advance as a basis for an interlocutory injunction, it follows that they have failed to establish the necessary basis for such an order.

Plaintiffs' motion for an interlocutory injunction is refused.