## LEHIGH VALLEY R. CO. v. LOWE et al.
### Civ. No. 8975.

District Court, D. New Jersey.

Oct. 4, 1946.

Collins & Corbin, of Jersey City, N. J., for plaintiff.

Roger M. Yancy, Asst. U. S. Atty., of Newark, N. J., for defendants.

SMITH, District Judge.

The defendant Ernest Linde, having sustained an injury while in the employ of the plaintiff, filed a claim for compensation, pursuant to Section 19 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 919. The deputy commissioner, after investigation and hearing, made an award of compensation and filed his order, pursuant to the said section. The plaintiff then instituted this suit to suspend and set aside the said order and to enjoin its enforcement, pursuant to Section 21 of the Act, 33 U.S.C.A. § 921.

The matter is before the Court at this time on the application of the plaintiff for an interlocutory injunction "pending the hearing and determination of this suit on the ground that irreparable damage will otherwise ensue." The remedy here invoked is governed by Section 21(b) of the Act, the pertinent provisions of which read as follows: "The payment of the amounts required by an award *shall not be stayed pending final decision* in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, *where irreparable damage would otherwise ensue* to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage." (Emphasis by the Court.)

There is no proof before this Court that irreparable damage would ensue to the plaintiff upon payment of the compensation award. It is urged, however, that the payment of compensation at this time would irreparably damage the plaintiff because of

the inability of the defendant to repay the compensation should the plaintiff prevail in this suit. This contention, if tenable—and there is no evidence before this Court to support it—will not sustain the present application.

It is the established law of this Circuit that the "financial inability of the claimant to repay compensation paid to him under an order found to be illegal" is not such irreparable damage as will entitle the plaintiff to an interlocutory injunction. Tucker v. Norton, D.C., 47 F.Supp. 762, affirmed 3 Cir., 134 F.2d 172; Luckenbach S. S. Co. v. Norton, D.C., 21 F.Supp. 707; Travelers Ins. Co. v. Norton, D.C., 32 F. Supp. 501. See also American Shipbuilding Co. v. McManigal, D.C., 65 F.Supp. 297.

The motion for an interlocutory injunction is dismissed.