**SEAS SHIPPING CO., Inc. et al. v. CARDILLO.**

**Civ. No. 10136.**

United States District Court
E. D. New York.

Aug. 9, 1949.

George A. Garvey, New York City, for plaintiffs.

J. Vincent Keogh, U. S. Atty., Brooklyn, N. Y., Nathan Borock, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel, for defendant.

ABRUZZO, District Judge.

The plaintiffs, Seas Shipping Company, Inc., as employer and Indemnity Insurance Company of North America, as insurance carrier, seek an order staying and enjoining the enforcement of an award made and entered under the Lognshoremen's and Harbor Workers' Act pending a review thereof by this Court.

Earl G. Rattray, an employee of the plaintiff-employer, on February 11, 1949, filed a claim for compensation with the Deputy Commissioner of the Federal Security Agency, Bureau of Employees' Compensation, Administrators of the Longshoremen's and Harbor Workers' Compensation Act for the Second Compensation District, for injuries alleged to have been sustained on December 18, 1948, aboard a ship owned by the employer.

After a formal hearing on June 24, 1949, the Deputy Commissioner made an award of $520, holding that the claimant was subject to the Act. The employer and insurance carrier then commenced this action to review the award and to revoke and set it aside. The movants contend that unless the defendant is enjoined and restrained from enforcing the award pending the review they will suffer great and irreparable damage in that, if any payment is made herein and the award is subsequently set aside, they may have considerable difficulty in recovering back such payment and may in fact be unable to recover back such payment; and, further, contend that plaintiff-employer, because of this award, has been placed in serious doubt as to its relations with many of its employees who perform similar duties to those of the claimant. The allowance of such an injunction is governed by the Longshoremen's and Harbor Workers' Act, Section 21(b), U.S.C.A., Title 33, § 921(b), which provides:

"Sec. 921. Review of compensation orders.

\*     \*     \*     \*     \*     \*

"(b) \* \* \* The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage."

In view of the terms of this section and in order to obtain a preliminary

injunction, it is the duty of the movants and it is their burden to submit evidence to this Court that irreparable damage would result if the stay were not granted. American Shipbuilding Co. v. McManigal, D.C. W.D.N.Y., 65 F.Supp. 297. In support of that principle, the moving affidavits contain only this phrase, "that the plaintiffs may have considerable difficulty and may in fact be unable to recover back such payment." This, of course, is not sufficient as it is a mere conclusion based upon a presumption rather than a fact.

The decisions have uniformly held that financial irresponsibility does not constitute irreparable damage within the meaning of this section. See Pioneer Engineering Co. v. Cardillo, D.C.E.D.Pa., 68 F.Supp. 743; American Shipbuilding Co. v. McManigal, supra; Lehigh Valley R. Co. v. Lowe, DC.N.J., 68 F.Supp. 753; Tucker v. Norton, D.C. E.D.Pa., 47 F.Supp. 762, affirmed 3 Cir., 134 F.2d 172; Luckenbach S. S. Co. v. Norton, D.C. E.D.Pa., 21 F.Supp. 707; Continental Casualty Co. v. Lawson, D.C.S.D. Fla. 2 F.Supp. 459.

The motion, therefore, must be denied.