**ALABAMA DRY DOCK & SHIPBUILDING CO. v. HENDERSON, Deputy Com'r et al.**

Civ. No. 1009.

United States District Court
S. D. Alabama, S. D.

July 11, 1951.

Smith, Hand, Arendall & Bedsole, Mobile, Ala., for plaintiff.

Percy C. Fountain, United States Atty., Mobile, Ala., for defendant Joseph H. Henderson.

William M. Clarke, Mobile, Ala., for defendant J. R. Godfrey.

THOMAS, District Judge.

J. R. Godfrey, an employee of the plaintiff, was injured on December 18, 1950, while repairing a dry dock, the property of the plaintiff. Shortly after the injury, the plaintiff began making payments to Godfrey, pursuant to the terms of the Workmen's Compensation Act of Alabama, in the amount of $21 a week. These payments have been kept up to date. Immediately after the accident, Godfrey was hospitalized by the plaintiff, and has been continuously confined in a hospital since the time of the accident. Plaintiff has furnished all necessary medical attention and is still doing so. Plaintiff has incurred expenses in medical treatment of Godfrey far in excess of the amount required under the Alabama Act.

Immediately after the injury, plaintiff reported this accident to the Department of Industrial Relations in accordance with the provisions of the Alabama Act. No award has ever been made under the State Act; however, the weekly payments have been reported to the Department in accordance with that Act.

Even though Godfrey has been paid pursuant to the Alabama Act, he filed claim before the Deputy Commissioner, contending that the accident and conse-

quential injury is covered by the Federal Act. After due notice, as provided by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., a hearing was held at Mobile, Alabama, before the defendant, Honorable Joseph H. Henderson, on April 17, 1951, upon an agreed statement of facts.

On May 24, 1951, the Deputy Commissioner made a written finding of fact and an award of compensation in favor of the defendant, J. R. Godfrey. The award, among other things, required the plaintiff to pay immediately to J. R. Godfrey the amount of $455, and to pay thereafter to J. R. Godfrey the amount of $35 per week during the temporary total disability of Godfrey or until further orders by the Deputy Commissioner. The $455 represents the difference between the $35 per week which the Deputy Commissioner determined Godfrey was entitled to receive under the Federal Act from the date of the accident to May 24, 1951, and the amount of $21 per week which had been paid as determined by the plaintiff to be due under the State Act, each amount being the maximum provided for in the respective acts.

On June 11, 1951, plaintiff filed in this court a complaint requesting the court to review and set aside the order made by the Deputy Commissioner on May 24, and further requesting the court to issue against the defendants an interlocutory injunction staying the payment of compensation under the award until the final hearing on the petition to reverse and set aside the award.

Section 921(b) of Title 33 of the United States Code provides for the staying of an award, pending final decision, upon application for an interlocutory injunction "where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage."

Plaintiff's petition, filed June 11, 1951, Paragraph X, states that no provision was made in the award for any security to as-

sure the return of the excess of said award over the amount plaintiff would be liable to pay under the Alabama Workmen's Compensation Act, should this court find with the plaintiff that the award is not supported by law. Plaintiff then avers that it fears it will be unable to collect such excess paid, and that it will be put to great expense in attempting to do so.

Plaintiff also states that it will suffer irreparable damage in that "it will be liable to a penalty equal to twenty per centum of unpaid compensation under said award, and that it will be subject to a possible multiplicity of claims and litigation during the pendency hereof" unless the injunction is granted. It will be noted, therefore, that plaintiff bases its contention of irreparable damage upon (1) the inability to collect the money back; (2) a twenty per cent penalty for unpaid compensation under the award; and (3) a possible multiplicity of claims and litigation. Although the petition does not so allege, plaintiff's attorney in his argument urged that plaintiff's position as a self-insurer under the Alabama Act would be jeopardized if the injunction was not granted.

In the case of Seas Shipping Co., Inc. et al. v. Cardillo, D.C., reported in 86 F.Supp. 531, 533, it was stated: "The decisions have uniformly held that financial irresponsibility does not constitute irreparable damage within the meaning of this section." Title 33, Sec. 921(b).

It is held in the case of American Shipbuilding Company, et al. v. McManigal, D.C., 65 F.Supp. 297, that in order to show such irreparable damage as to justify the granting of an injunction, "Something further must be shown" than financial irresponsibility of the claimant.

I do not fully agree with the reasoning in the cases which hold that financial irresponsibility of the claimant does not constitute irreparable damage; nevertheless, that is the law as laid down by the courts, which I, of course, respect and follow. On the hearing of this motion, plaintiff failed to prove the financial irresponsibility of the defendant Godfrey. The matter was submitted upon the testimony of Mr. R.

D. Bell, manager of plaintiff's Insurance and Tax Department, and the allegations of the sworn petition.

The following question was propounded to Mr. Bell: "I will ask you whether or not, in your opinion, in the event the amounts required by Deputy Commissioner Henderson to be paid, were to be paid to Godfrey at this time, there could be any reimbursement secured by the Company—by Alabama Dry Dock and Shipbuilding Company, in the event of the successful appeal of this cause."

Proper objections were sustained to this question.

Mr. Bell was then asked, "State what, if anything, you know about the financial responsibility of J. R. Godfrey."

To which he replied, "I know nothing of his financial responsibility."

◼ Assuming, however, for the sake of argument, that plaintiff did prove Godfrey's financial irresponsibility, then did plaintiff show the required "something further" held necessary to establish irreparable damage? The twenty per cent penalty for non-payment, which plaintiff could not recover, would be only a financial loss, and according to the above cases, this is not sufficient.

◼ Plaintiff says it will be subject to possible multiplicity of claims and possible litigation pending the final hearing in this matter. In support of this contention the plaintiff argues that it has in the past had injuries to employees repairing dry docks, and will likely have such in the future; that it has paid such injured employees pursuant to the Alabama Act; and that if required to pay Godfrey under the Federal Act, the plaintiff will be subjected to a "possible multiplicity of claims and litigation during the pendency hereof."

I cannot agree with the plaintiff on the merit of this contention. The method in which plaintiff has handled similar cases in the past can certainly have no bearing or influence upon the court in determining the issues in the present case. If injured employees in the past have not been legally compensated, it should be corrected. If they have been legally compensated, the matter is ended.

◼ Though it is not set out in the petition, plaintiff claims in its argument that its position as a self-insurer with the Alabama authorities will be jeopardized, and in support thereof refers to Amended Section 309, Title 26 of the Code of Alabama of 1940, and the penalty provision therein. This is rather a long section but may be briefly summarized as stating that an employer who accepts the provisions of the Alabama Act may at his option (1) insure his liability thereunder; or (2) become a self-insurer by

(a) furnishing a bond, or

(b) depositing securities, or

(c) "shall satisfy said director of his ability to meet obligations to said employees under said articles 1 and 2."

The pertinent part of the penalty provision of said section is as follows: "(3) Penalties.—Any person who violates any of the provisions of this section shall be deemed guilty of a misdemeanor and shall be subject to a fine of not less than twenty-five dollars nor more than one thousand dollars."

It will be seen, therefore, that the only penalty referred to in said section is for the failure of those employers who are subject to the act to properly qualify with the director so as to assure the payment of their obligations under the Act. Surely, the failure to grant the injunction requested could not affect the plaintiff in this respect.

I am unable to see how Godfrey would be damaged by the granting of this injunction. He is in the hospital, receiving necessary treatment for which the plaintiff is paying, and he is also being paid $21 a week compensation. Were the granting of the injunction left entirely to the discretion of the court, I am of the opinion that I would grant it. Nevertheless, the law must be followed, and, in my opinion, plaintiff has failed to show that it would suffer irreparable damage upon the failure of the court to grant the injunction.

Therefore the motion for the interlocutory injunction was denied.