## Spock et al. v. Briel, Sr.

*Andrew M. Pipa, Jr.*, for plaintiffs.

*Louis Cohen*, for defendant.

TROUTMAN, J., August 2, 1954.—On January 7, 1954, the plaintiffs filed their complaint in equity alleging that the plaintiffs, residents of Sagon, Coal Township, Northumberland County, Pa., entered into a joint enterprise in September 1952 with the defendant, Orion N. Briel, Sr., also a resident of Sagon, known as the Hickory Ridge T. V. Line, for the purpose of obtaining television reception for all of the parties to this action.

The complaint alleges that all of the parties have contributed an equal amount of money for the maintenance of equipment and procurement of the said

48

television reception, including the installation of poles, antennas, wires, cables and other necessary equipment; that the defendant has control of the operation of the television system and has the ability to turn off and on the power for reception in each of the plaintiff's television sets, the control being operated from the defendant's residence; that the said defendant, without reason, cause or right, did on December 3, 1953, control the said television equipment so as to prevent the plaintiffs from getting reception on their television sets and that the plaintiffs have not had any television reception up to the time of filing the complaint in this case seeking a preliminary injunction.

A preliminary injunction was issued without a hearing enjoining the defendant from cutting off or in any way interfering with the supply of power for the reception of television and ordering the restoration of the connections of power supplying the plaintiffs television sets which the defendant had cut off. On January 11, 1954, a hearing was held on the plaintiffs' motion to continue the injunction and following said hearing, the court entered a modified injunction substantially directing the defendant to turn on the television reception and ordering the plaintiffs to pay their respective payments for the maintenance of the system.

The defendant filed preliminary objections in the nature or a more specific complaint and in the nature of a demurrer.

Rule 1501 of the Pennsylvania Rules of Civil Procedure provides that "except as otherwise provided in this chapter, the procedure in an action in equity shall be in accordance with the rules relating to the action of assumpsit". Rule 1509 (a) provides that preliminary objections authorized by Rule 1017 (b) are available to any party. This rule extends to the action in equity the preliminary objections which are available in an action of assumpsit. Consequently, we are guided by

the rules applicable to the action of assumpsit in determining whether the defendant's preliminary objections are valid or whether they should be dismissed.

Upon a preliminary objection requesting a more specific complaint, the test is whether the plaintiffs' complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense: Morris Black & Sons, Inc., v. Allentown Supply Corporation, 67 D. & C. 535; Leonard v. Dolaway, 76 D. & C. 452.

The defendant assigns seven reasons in support of his preliminary objections in the nature of a motion for a more specific complaint. Since the first, second and seventh reasons in support of the defendant's preliminary objection all pertain to the terms of the joint enterprise, they may be discussed together.

The first reason in support of the preliminary objection is that the complaint fails to set forth the duties and obligations of all the parties in the alleged joint enterprise. The second reason complains that the complaint does not specify, in itemized form, the equal contributions of the parties. The seventh reason complains that the complaint does not contain the details of the agreement or contract entered into by all the parties of the alleged joint enterprise. Paragraph 5 of the complaint states that the parties to the action have contributed an equal amount of money for the maintenance of equipment and for the procurement of television reception. In paragraph 6 it is averred that the defendant has control of the operation of the television system. We see no merit in the first, second and seventh reasons, inasmuch as the complaint does set forth that there was a joint enterprise in which all of the parties have contributed equally for the purpose of receiving television reception and that the defendant was in charge of the operation of the television enterprise.

Where facts are within the knowledge of the adverse party, he is not entitled to as much precision in the pleading as if he did not know them: Rich v. Taylor et al., 47 Schuyl. 168.

The defendant's third reason in support of his preliminary objection is that the complaint fails to set forth the time when the alleged joint enterprise was created and the fourth reason assigned complains that the complaint does not set forth the time or times when each of the plaintiffs joined the alleged joint enterprise and the conditions thereunder. Paragraph 3 of the complaint specifically sets forth that in September 1952 all of the parties entered into a joint enterprise known as the Hickory Ridge T. V. Line. This allegation gives a specific time and indicates that all of the parties entered into the joint enterprise at the same time. We see no merit in these reasons.

The fifth reason in support of the defendant's preliminary objection is that the complaint does not state whether or not the plaintiffs have performed their duties and obligations under the alleged joint enterprise. We see no merit in this reason in that Paragraph 9 of the complaint alleges that the plaintiffs and the defendant have all contributed an equal share of money for the said enterprise to the present time so that each individual presently has an equal interest in the property and benefits of said enterprise. Paragraph 7 of the complaint alleges that the defendant, without reason, cause or right, did on December 3, 1953, control the said television equipment so as to prevent the plaintiffs from getting reception on their television sets. We submit that these paragraphs sufficiently set forth a right on the part of the plaintiffs for television reception which, as they allege, they were prevented from receiving because of the conduct of the defendant without reason, cause or right. We see no merit in this reason.

The sixth reason assigned by the defendant in support of his preliminary objection is that the complaint fails to set forth the specific irreparable injury and damage suffered by the plaintiffs. The complaint avers that there was a joint enterprise established for the purpose of obtaining television reception for all of the parties; that the defendant had the control of the operation of the television system, the said controls being operated from his residence; that on December 3, 1953, the defendant, without cause or reason, did control the television equipment so as to prevent the plaintiffs from getting reception on their television sets and that the plaintiffs have no other adequate means of controlling television reception and are, therefore, deprived of their interest in the said enterprise by reason of the acts of the defendant. From the allegations of the complaint, the defendant has interfered and prevented the other members of the joint enterprise from receiving television programs on their television sets through the facilities set up by the joint enterprise. The complaint specifically sets forth interferences with a property right as well as a personal right of each individual plaintiff. We can find no merit in this reason.

A more specific complaint will not be required where the complaint is sufficiently clear that there can be no question of the matter in controversy and the defendant is able to know exactly what he must defend: Yonkovig v. Yonkovig, 23 Northumb. 57.

We are of the opinion that the complaint is sufficiently specific and, therefore, find no merit in the defendant's preliminary objection in the nature of a motion for a more specific complaint.

The defendant's second preliminary objection is in the nature of a demurrer and in support of said demurrer assigns six reasons. The first reason in support of the defendant's demurrer is that the plaintiffs have

a full, adequate and complete remedy at law. Whether an adequate legal remedy exists depends upon whether the plaintiffs in their complaint have set forth an equitable cause of action. If there is no adequate legal remedy available if the averments of their complaint are accepted as true, the plaintiffs are properly in the court of equity. Furthermore, in order to oust the jurisdiction of equity, the legal remedy must be complete and adequate: Hunter v. McKlveen, 353 Pa. 357. In order for a remedy at law to be adequate, it must appear that it will meet all the requirements of the case and effect complete justice between the parties. A bill may be sustained solely on the ground that it is the most convenient remedy: Bayuk Cigars, Inc., v. Chestnut, 54 D. & C. 109.

While there may be an action at law for breach of contract, such a remedy at law under the averments of the complaint in this case would be inadequate and it would not be the most convenient and efficient method to administer adequate relief. The plaintiffs allege that they are parties to an agreement creating a joint enterprise for the purpose of obtaining television reception in their respective homes, that the defendant was a party thereto and that the controls of the system are located in his residence and that without any cause or right he interfered with the television system to such an extent that they were no longer able to receive television reception. The court knows of no remedy at law, nor has any remedy at law been pointed out by the defendant, available to the plaintiffs which would be full, adequate and complete. An action in damages for breach of contract would not give the plaintiffs any restoration of their right to television reception. The only adequate method by which their rights might be protected is by the injunctive power of a court sitting in equity. We see no merit in this reason.

The defendant's second and third reasons in support of his demurrer are to the effect that the plaintiffs have not alleged actual or substantial damage or actual, positive, substantial or irreparable injury. The plaintiffs' complaint alleges that by reason of the action of the defendant they have been prevented from receiving television reception in their homes and that the control of the power system is in the residence of the defendant. This action on the part of the defendant deprives the plaintiffs of their right to have their agreement carried out and to have the right of enjoyment of television uninterrupted. If the defendant were permitted to shut off the television reception, it would work an irreparable injury to the plaintiffs. Furthermore, inasmuch as they have put money into the joint enterprise, the interference with the operation of the television system by the defendant is an interference with a property right. Certainly the damage to the plaintiffs cannot be adequately compensated in damages. The general equity rule is that an injury to prevent which injunction is sought is deemed irreparable when it cannot be adequately compensated in damages because of the nature of the injury itself or the nature of the right or property injured, or there exist no certain pecuniary standards for measurement of damages: Luckenbach S. S. Co., Inc., v. Norton et al., 21 F. Supp. 707. We are of the opinion that the complaint sets forth allegations showing substantial damage and irreparable injury and, therefore, find no merit in the defendant's second and third reasons.

The defendant's fourth reason in support of the demurrer is that the plaintiffs fail to set forth a mutually binding contract. The complaint does allege an agreement in the nature of a joint enterprise whereby the plaintiffs and the defendant by contributing equal amounts of money provided for a television system whereby they were each to receive television

reception in their respective homes. This agreement is equally binding on each of the parties and we fail to see where there is any lack of mutuality in the agreement. We fail to see any lack of mutuality in respect to equitable rights inasmuch as the plaintiffs themselves owe a duty to the defendant to avoid interfering with the defendant's television reception. We find no merit in this reason.

The fifth reason assigned in support of the defendant's demurrer is that the plaintiffs have failed to allege any violation of property or personal rights. The complaint alleges that each of the parties had contributed sums of money for the purpose of equipping and maintaining a television system or line. Unquestionably, each of the parties to the agreement have a property right in the equipment itself. The plaintiffs complain that due to the act of the defendant they are unable to receive television reception through their respective sets and the relief which they seek is to prevent the defendant from interfering with such reception. While television is a new medium, nevertheless, it has grown to be one of the most prevalent forms of communication and entertainment. To interfere with television reception is actually an interference with one's property right particularly since such reception has been provided by means of an agreement entered into by both the plaintiffs and the defendant. We are of the opinion that the complaint sets forth a violation of property and personal rights and find no merit in the defendant's fifth reason.

The sixth reason in support of the defendant's preliminary objection in the nature of a demurrer is that the plaintiffs' allegations will require too great an amount of supervision by the chancellor. Whether the relief which the plaintiffs seek will require too great an amount of supervision by the chancellor cannot be determined until after all of the equities in this case

are considered, which can only be done after the filing of an answer by the defendant and a final hearing on the complaint and answer. The granting of the present preliminary injunction has resulted in no great amount of supervision on the part of the chancellor. We see no merit in this reason in respect to the defendant's demurrer.

Finding no merit in the defendant's reasons in support of his preliminary objection in the nature of a demurrer, the said preliminary objection must be dismissed.

### Order

And now, August 2, 1954, the defendant's preliminary objections in the nature of a motion for a more specific complaint and in the nature of a demurrer are hereby dismissed, with leave granted the defendant to file an answer to the said complaint within 20 days from the filing of this order. Let an exception be noted for the defendant.