**HIGGINS, INC., Employer, and Aetna Casualty & Surety Company, Insurance Carrier, Plaintiffs,**

v.

**P. J. DONOVAN, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Seventh Compensation District, Defendant.**

**Civ. A. No. 16070.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 24, 1966.

Adams & Reese, Sam A. LeBlanc, III, New Orleans, La., for plaintiffs.

Frederick W. Veters, Asst. U. S. Atty., Eastern Dist. of Louisiana, New Orleans, La., for defendant.

Ivor A. Trapolin, New Orleans, La., for claimant, Felix A. Nunez.

AINSWORTH, District Judge.

Plaintiffs have appealed from our decision dated December 14, 1965 wherein judgment was rendered on December 17, 1965 dismissing plaintiffs' suit for an injunction restraining the enforcement of an award by the Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. 901, et seq. Pending appeal plaintiffs have filed "Motion for Injunction Pending Appeal from Order Denying Injunction and Order Granting Injunction" in which they move "Upon the complaint and all the affidavits and other papers filed, and all the proceedings heretofore had herein * * * for an order restraining defendants, pending the hearing and determining of plaintiff's appeal to United States Court of Appeals for the Fifth Circuit * * *."

Plaintiffs offered no proof or evidence at the hearing of the motion and apparently base their motion for an injunction on certain affidavits which were filed with the original complaint for injunction and to suspend and set aside a

compensation order and award. We consider, therefore, the affidavit of Sam A. LeBlanc, III, attorney for plaintiffs. In paragraph 4 Mr. LeBlanc avers that plaintiffs will suffer great and irreparable damage in that they will be forced to either pay the award before the appeal has lapsed or to suffer the penalties imposed by the statute, and if required to pay the award prior to the appeal their rights will be defeated because "practically speaking should the plaintiffs herein be successful on appeal it will be very doubtful that the money can be recovered." The statement is unsupported by any evidence.

Also attached is affidavit of Sam P. Kimbrell, Claims Manager of Aetna Casualty & Surety Company, to the same effect, in fact, in identical language. This statement is also unsupported by any evidence.

In the oral argument of the motion, the matter of claimant being impecunious was referred to by all parties and it is probably true, though there is some doubt that we may judicially notice statement of counsel made in oral argument.

Section 921(b) of the Longshoremen's and Harbor Workers' Compensation Act provides in part as follows:

"The payment of the amount required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage."

If we were to grant an interlocutory injunction we would be compelled to apply the above-quoted section, which we are unable to do on the present state of the record. Plaintiffs do not state, however, whether the motion for an injunction is brought under Section 921(b) of the Act or under Fed.R.Civ.P. Rule 62(c), but the result would be the same under either, as proof of irreparable damage is required in both Section 921(b) [1] and Rule 62(c).

It has been held on numerous occasions that in considering an application for an interlocutory injunction to stay payments under the Act it is not sufficient to show that because of the financial condition of the beneficiary the employer would be unable to recover the amount paid if successful on appeal.[2]

Plaintiffs have cited us no case to the contrary and none in support of their position. We have accorded counsel for plaintiffs additional time to make further research, but counsel has candidly admitted his inability to find supporting authority and he bases his position on reason and argument not otherwise supported.

Since there has been no showing of irreparable injury, we conclude, as have all of the decisions cited to us, that the application for an injunction to stay payment of the award should be denied. It is so ordered.

1. Mayflower Industries v. Thor Corporation, et al., 3 Cir., 1950, 182 F.2d 800; Industrial Electronics Corporation v. Cline, 3 Cir., 1964, 330 F.2d 480. See also Fed.R.Civ.P. 65(d).

2. Alabama Dry Dock & Shipbuilding Co. v. Henderson, S.D.Ala., 1951, 98 F.Supp. 1001; Seas Shipping Co. v. Cardillo, E.D. N.Y., 1949, 86 F.Supp. 531; Pioneer Engineering Co. v. Cardillo, E.D.Pa., 1946, 68 F.Supp. 743; Lehigh Valley R. Co. v. Lowe, N.J., 1946, 68 F.Supp. 753; American Shipbuilding Co. v. McManigal, W.D. N.Y., 1946, 65 F.Supp. 297; Tucker v. Norton, E.D.Pa., 1942, 47 F.Supp. 762; Travelers Ins. Co. v. Norton, E.D.Pa., 1940, 32 F.Supp. 501; Luckenbach S. S. Co. v. Norton, E.D.Pa., 1937, 21 F.Supp. 707.