**EMPLOYERS' MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Insurance Carrier and the Flying Tiger Lines, Inc., Employer, Plaintiffs,**

v.

**John D. McLELLAN, Jr., Deputy Commissioner Second Compensation District Bureau, Foreign Compensation District, United States Department of Labor and John Johnstone, Defendants.**

No. 67 Civ. 4653.

United States District Court
S. D. New York.

Dec. 15, 1967.

Kirlin, Campbell & Keating, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, by Louis E. Greco, Attorney in Charge, Admiralty & Shipping Section, Department of Justice, New York City, for Deputy Commissioner.

Florio, Dunn, Marciano & Lypinski, Hoboken, N. J., and Tabacoff, Sylvan & Tabacoff, New York City, for defendant John Johnstone.

MANSFIELD, District Judge.

This is a motion, brought on by order to show cause, to stay payment by plaintiff insurance carrier to defendant John Johnstone pursuant to an award, dated November 13, 1967, of defendant Deputy Commissioner McLellan under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (the "Act" herein), pending determination of plaintiffs' action commenced on November 27, 1967 in this Court to set aside the award. The payment was awarded as compensation in connection

with the death of James M. Johnstone, son of defendant John Johnstone, at the United States Naval Air Station, Adak, Alaska, on March 15, 1962, while in the employ of plaintiff Flying Tigers, Inc. Relief is sought on the ground that the Deputy Commissioner's findings with respect to dependency and jurisdiction are erroneous and that plaintiff will suffer irreparable harm if it complies with the order because "there is no provision [under the Act] for repayment" of funds paid out pursuant to the award. The motion is denied.

Delay following award of compensation frequently works undue hardship to needy beneficiaries under the Act. For this reason, § 21(b) of the Act, 33 U.S. C. § 921(b), prohibits a stay of payment unless the Court, after a hearing upon an application for preliminary injunctive relief, makes a specific finding based on evidence that "irreparable damage would result to the employer, and specifying the nature of the damage". Section 14(f), 33 U.S.C. § 914(f) imposes a 20% penalty for failure to pay compensation due under an award within 10 days after it becomes due, unless a stay is granted as provided in § 21. With these provisions in mind, the Court would be justified in granting a stay only on a convincing showing that plaintiffs would prevail on the merits and that in the interim they would suffer injury of an irreparable nature.

Plaintiffs' application is woefully inadequate. Their moving papers supply no facts in support of the allegation that the Deputy Commissioner lacked jurisdiction; their summary statement on the issue of dependency is rebutted in detail by defendants; and their contention that enforcement of the order would work irreparable injury because of the risk of inability to recover the funds from the payee is legally insufficient. Claims of financial irresponsibility, standing alone, have repeatedly been rejected as inadequate to support a finding of irreparable injury under the Act. Higgins, Inc. v. Donovan, 249 F.Supp. 941 (E.D. La.1966); Salvatore Fontana v. Ameri-

can Stevedores, Inc., Civil No. 63–1355 (E.D.N.Y. June 4, 1964) (unreported); Seas Shipping Corp. v. Cardillo, 86 F. Supp. 531 (E.D.N.Y.1949); American Shipbuilding Co. v. McManigal, 65 F. Supp. 297 (W.D.N.Y.1946); Tucker v. Norton, 47 F.Supp. 762 (E.D.Pa.1942), affd., 134 F.2d 172 (3d Cir. 1943); Travelers Ins. Co. v. Norton, 32 F.Supp. 501 (E.D.Pa.1940); Luckenbach S. S. Co. v. Norton, 21 F.Supp. 707 (E.D.Pa. 1937).

Accordingly, the motion is denied.

So ordered.