**JONES v. SHEPHERD, Deputy Com'r, et al.**

**No. 191.**

District Court, S. D. Mississippi.

Aug. 18, 1937.

Luther A. Whittington and Joe E. Brown, both of Natchez, Miss., for claimant.

R. M. Bourdeaux, U. S. Dist. Atty., of Meridian, Miss., for defendants G. Shepherd and J. H. Henderson, Deputy Compensation Com'rs.

MIZE, District Judge.

Complainant filed his bill of complaint on the 21st day of July, 1937, against G. Shepherd, Deputy Commissioner of the Seventh Compensation District, under the Longshoremen's and Harbor Workers' Compensation Act of Congress, 33 U.S.C.A. §§ 901–950, and Melinda Williams, praying to set aside and suspend an order and award of compensation dated July 15, 1937.

On the 29th day of July, 1937, complainant filed a motion to amend the bill of complaint so as to substitute J. H. Henderson, Deputy Commissioner of the Seventh Compensation District, in the place and stead of G. Shepherd, the said G. Shepherd having made the award in the absence of and because of the illness of said J. H. Henderson.

Process was issued on this bill of complaint and served personally on Melinda Williams, the claimant, on the 24th of July, 1937, but was returned as not being served upon G. Shepherd.

The complainant gave notice by registered letter to the defendant J. H. Henderson on August 7th that he would apply to the District Court for an injunction suspending payment of the award until the final hearing upon the bill of complaint, and that this motion would be heard by the District Court in chambers at Gulfport, Miss., on August 11th, being more than three days' notice, and also served notice

upon the claimant, Melinda Williams, more than three days that it would be heard on that date.

The claimant, Melinda Williams, did not appear at the hearing. The defendant J. H. Henderson appeared and objected to the application for the injunction upon the ground that he had not been legally served with notice, but admitted that he had received the registered letter containing the notice, together with a copy of the bill of complaint and application for the temporary injunction. The defendant contended that the notice must be served by the United States Marshal, but cited no authority to that effect. Section 921, title 33 of the U.S.C.A. provides that the payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless, upon application for an interlocutory injunction, the court upon hearing, after not less than three days notice to the parties at interest, shall direct the Deputy Commissioner to allow the stay of such payments in whole or in part where irreparable damage would otherwise ensue to the employer. It will be noted that the statute does not state just how the notice shall be given. Since the purpose of the notice is to give the opposing party an opportunity to be present and be heard upon the question of whether the injunction shall be granted or not, the giving of the notice by registered mail, when it is actually received more than three days prior to the hearing, is sufficient, and is a compliance with the statute.

The complainant seeks the injunction on the ground that the deceased was not such an employee as comes within the meaning of the act, but that the deceased in truth and in fact was a member of the crew of the vessel, and that to require the payment of the award before the final hearing would work an irreparable injury to the complainant for the reason that he would be required to pay the award when, as a matter of law and fact, he was not liable under the act. The bill of complaint further sets up the fact that the claimant is utterly insolvent. The insolvency of the claimant is not a sufficient reason for the granting of the injunction, but if the complainant is not liable under the act, then to require him to pay the award would work an irreparable injury because it would compel him to pay money to a claimant to whom he was not legally responsible, and would be without authority of law.

Under the testimony in this case, which is without dispute, it appears that the deceased was a member of the crew of the vessel and is not covered by the act, and to require the complainant to pay the award would cause irreparable injury. It is well settled that the finding of fact by the Deputy Commissioner, if supported by substantial evidence, is binding upon the District Court. In the present case there is no dispute in the testimony, and while the finding of fact by the Deputy Commissioner was to the effect that the deceased was covered by the act and was not a member of the crew, yet it is based upon inferences from the testimony that are not justified. The undisputed testimony is that the deceased had been working on the boat as a member of the crew—as a roustabout and deck hand—for many months, and that on December 23, 1935, the steamer was tied up and was not put back into service until about the 29th of January, 1936. During that time the deceased was ashore at his home in Natchez, but was not discharged nor laid off; that on the 28th of January, 1936, the deceased, Clyde Williams, at the request of the captain of the boat, loaded some coal from a barge on the boat, preparatory to the boat going back into active service carrying logs, and had finished the placing of the coal on the boat, but before the day's work had ended the deceased left the barge and went aboard the steamer, and within a few minutes thereafter slipped and fell overboard into the Mississippi River and presumably drowned, his body never having been recovered. The evidence is without dispute that prior to the time the boat laid up he was a member of the crew, and while it was not specifically mentioned that he would be a member of the crew when he returned to load the coal on the boat preparatory to its further use in the same kind of business, yet it is a reasonable inference that he immediately became a member of the crew in the same capacity and at the same rate of pay and in the performance of the same kind of duties he had theretofore been performing. He is, therefore, not an employee within the meaning of the act.

In the case of Atlantic Stevedoring Company v. Lowe (D.C.) 18 F.Supp. 602, it was held that when a claimant had elected to sue a third party in lieu of a claim for compensation, and after a considerable length of time abandoned its suit, such claimant was estopped from claiming compensation when the insurance carrier had been deprived of its right to prosecute the claim

against the third party, and that an irreparable injury would be suffered by the complainant in such a case if the claimant were permitted to collect the award, and the interlocutory injunction was issued.

In the present case the complainant would not be liable at all to the claimant and it is easy to see that an irreparable damage would be suffered.

The interlocutory injunction may, therefore, issue, and the complainant may prepare a decree accordingly.