**Frank CULLEY, Plaintiff,**

v.

**John A. WILLARD, as Deputy Commissioner of the United States Employees' Compensation Commission, Second Compensation District, Arthur Tickle Engineering Works, Employer, and Liberty Mutual Insurance Company, Carrier, Defendants.**

**Civ. No. 12120.**

United States District Court
E. D. New York.
Nov. 26, 1956.

Benjamin A. Wilder, Brooklyn, N. Y., by Philip F. Di Costanzo, Brooklyn, N. Y., of counsel, for plaintiff.

Leonard P. Moore, U. S. Atty., for Eastern District of New York, by Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., for defendant John A. Willard, as Deputy Commissioner.

Albert P. Thill, Brooklyn, N. Y., for defendants Arthur Tickle Engineering Works, Employer, and Liberty Mut. Ins. Co., Carrier.

BYERS, District Judge.

This case was called for trial on October 10, 1956, when it was adjourned to November 13, in order to afford the plaintiff an opportunity to examine a missing contract said to contain a waiver, the nature of which will be hereinafter referred to.

On the last mentioned day, the case was called and brief argument was heard following the statement by plaintiff's counsel that the said contract is not available for production, and therefore the question of whether such a waiver actually existed cannot be the subject of proof.

The plaintiff's claim for relief as stated in his complaint, filed pursuant to Title 33 U.S.C.A. § 921(b), is that the rejection by order bearing date August 27, 1951, of his claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act was illegal.

Under date of September 6, 1951, the attorney for the plaintiff applied to the Commissioner for a rehearing, and on September 10, 1951, that application was denied, for the stated reason that an objection had been made on the part of the employer involved, who alleged that he had been prejudiced in the legal sense by the failure of the plaintiff to take timely action within the provisions of the Compensation Statute.

■■ The sole question for decision is one of law, since the record as made before the Commissioner is the necessary basis of the court's determination. See Rochester Telephone Corp. v. U. S., 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147; National Broadcasting Co. v. U. S., 319 U.S. 190, at page 227, 63 S.Ct. 997, at page 1014, 87 L.Ed. 1344; Kwasizur v. Cardillo, 3 Cir., 175 F.2d 235; Pittston Stevedoring Corp. v. Willard, 2 Cir., 190 F.2d 267.

It appears without dispute that on May 23, 1947, the plaintiff, being an employee of Arthur Tickle Engineering Works as a shipfitter, was working on the S.S. Tullahoma, and while so engaged, sustained injuries involving total temporary disability. The employer and insurance carrier voluntarily paid compensation to him for such disability for ten weeks, although no award had been made since no claim had been filed under the Statute.

On November 24, 1947, the plaintiff filed a notice with his employer and the Deputy Commissioner, of his election to sue the third party, namely, the Keystone Shipping Company. No suit pursuant to that notice was ever brought, and the time to do so expired May 23, 1949.

■ On August 16, 1950, the plaintiff filed the claim which is the subject of the report now before the court. The claim was rejected by the Commissioner for the reason that, as he said:

"The rights of the employer and carrier were prejudiced by the claimant's failure to prosecute his claim against the third party within the statutory period."

The present requirement therefore is to decide whether the conclusion of the Commissioner was correct in the legal sense.

The applicable provisions of the statute, Title 33 U.S.C.A. § 933, are as follows:

"Sec. 933. (a) If on account of a disability or death for which compensation is payable under this Act the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person.

\* \* \* \* \*

"(i) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section."

The question for decision is whether the employer has lost his right of subrogation by reason of the plaintiff's failure to proceed in accordance with the notice that he gave to the Commissioner of his intention to sue the Keystone Shipping Company.

For the plaintiff the argument was made that he expected and hoped to prove by producing the contract above referred to, that the plaintiff's employer, the Arthur Tickle Engineering Works, had waived its right to subrogation; as related, the court was informed that such undertaking has proven impossible of performance. That being so, the only question is whether the Commissioner has properly construed the law against the

plaintiff's claim for compensation because if such claim were to be allowed the employer would be without recourse to the company which conceivably may have been at fault so as to cause personal injury to the claimant.

■ However harsh the result may be so far as the claimant himself is concerned, the right of subrogation seems to be an integral element of the theory under which compensation is awarded in the first instance as against an employer, and therefore its insurance carrier. See Atlantic Stevedoring Co. v. Lowe, D.C., 18 F.Supp. 602; Moore v. Hechinger, D.C., 39 F.Supp. 427; Terminal Shipping Co. v. Branham, D.C., 47 F.Supp. 561.

The same result seems to have been announced in cases construing the compensation law of the State of New York. See Waltanen v. Acle Construction Co., 231 App.Div. 776, 245 N.Y.S. 803.

It is argued for the plaintiff that the failure to proceed in accordance with his notice of intention to sue is to be laid at the door of his attorney, and this contention is deemed to be true; but it is thought that it cannot affect the result. See Loraine v. Coastwise Lines, D.C., 86 F.Supp. 336 at page 339.

■ It is further argued for the plaintiff that his employer had knowledge of the plaintiff's default in instituting suit and that it (and therefore the carrier) was guilty of laches "in failing to take steps or institute proceedings to protect such rights as the employer and carrier allegedly had." This argument is thought to be misconceived, because the plaintiff's employer would have no rights against the third party until the plaintiff had first succeeded in his own purported cause of action.

It is argued in opposition that the employer's right to sue on an assigned cause of action accrues only where the employee accepted payment of compensation under a compensation order filed by the Deputy Commissioner. Such indeed is the language of the statute, Title 33 U.S.C.A. § 933(b):

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

■ Since the plaintiff's claim for relief is purely statutory, he must bring himself within the provisions of the law enacted for the benefit of industrial workers; for reasons which it has been the effort to explain, he has failed to do so. After all, his failure timely to accept the benefits of the law was his own, not the act or omission of the Commissioner.

Judgment is ordered for the defendant Commissioner as prayed in the Answer, to be settled on notice.