The TRAVELERS INSURANCE COM-
PANY, Plaintiff,

v.

Raymond F. BELAIR, Deputy Commis-
sioner, United States Department of
Labor, Defendant,
and
Joseph Melanson, Intervener.

Joseph MELANSON, Plaintiff,

v.

The TRAVELERS INSURANCE COM-
PANY and McKie Lighter Com-
pany, Defendant.

Civ. A. Nos. 68–193–G, 68–292–G.

United States District Court
D. Massachusetts.

May 10, 1968.

Jules Angoff, Boston, Mass., for plaintiff.

Blair L. Perry, Hale & Dorr, Boston, Mass., for defendant.

Paul F. Markham, U. S. Atty., Edward J. Lee, Asst. U. S. Atty., Boston, Mass., for Raymond Belair.

## OPINION

GARRITY, District Judge.

These companion actions pertain to a compensation order made by the deputy commissioner of the United States Department of Labor under the Longshoremen's and Harbor Workers' Compensation Act ("the Act"), 33 U.S.C. §§ 901–950, requiring The Travelers Insurance Company ("Travelers") and its insured, McKie Lighter Company ("McKie"), to make certain payments to Joseph Melanson, McKie's former employee. In Civil Action No. 68–193–G, in which Melanson has been permitted to intervene as a party defendant, Travelers seeks to set aside the compensation order and has moved under § 921(b) for a preliminary injunction "staying the enforcement of the compensation order"[1] pending a hearing on the merits. In Civil Action No. 68–292–G, Melanson seeks under § 921(c) to enforce the compensation order against Travelers and McKie and has prayed for a preliminary injunction ordering Travelers to make immediate payments to him. A joint hearing was held at which all parties were represented by counsel.

I

Travelers' motion arises under § 921(b), which provides in relevant part:

If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order. * * The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing, after not less than three days' notice to the parties in interest and the deputy commissioner, allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage.

Although a compensation order may be set aside through injunction proceedings brought by "any party in interest", an interlocutory injunction staying the payment of an award may be granted only where irreparable damage would otherwise ensue "to the employer." Though counsel for Travelers points to § 935 as indicating that, for many purposes, the insurer stands in the shoes of the employer, it is clear from the juxtaposition in § 921(b) of the terms "party in interest" (under which an insurer might come) and "employer" that that section

---

[1] Travelers has not moved in terms of § 921(b) for an interlocutory injunction staying the "payment of the amounts required by an award." As the court points out below, denial of a stay under § 921(b) does not result in the compensation order being enforced but merely makes Travelers subject to the penalty provisions of § 914(f). Thus, if Travelers' motion were strictly construed, the court would take no action on it inasmuch as it would be premature to consider staying the enforcement of an order which cannot, under the present circumstances, be enforced. However, all parties have interpreted Travelers' motion as one to stay payments under § 921(b) and the court so interprets it.

distinguishes between the broad class of persons entitled to challenge compensation orders and the narrower class with respect to which irreparable injury must be proved before interlocutory injunctive relief may be granted. Moreover, in recognizing that some employers may be insured and others self-insured, § 932 suggests that interlocutory injunctive relief under § 921(b) is intended to protect only employers who are self-insured. Cf. Continental Casualty Co. v. Lawson, S.D.Fla., 1932, 2 F.Supp. 459, 461, rev'd on other grounds, 5 Cir., 64 F.2d 802.

█ Even if the term "employer" were to be interpreted so as to include an employer's insurer, Travelers has not demonstrated such irreparable injury to itself as to justify an interlocutory injunction. Travelers' supervisor of adjusters testified at the hearing that if Travelers were required to make the payments under the compensation order it would probably be unable, if it should prevail on the merits, to recover the payments from Melanson because of his present impecunious condition. This testimony is an insufficient basis for a finding of irreparable damage to Travelers. The inability of Melanson to repay any payments made by Travelers is speculative, at least according to the testimony. Furthermore, even if it were established that Melanson would be unable to repay any payments made by Travelers, it is clear that this would be insufficient to constitute irreparable damage. See, e. g., Higgins, Inc. v. Donovan, E.D.La., 1966, 249 F.Supp. 941, 942, aff'd 5 Cir., 373 F.2d 18.

██ At the hearing Travelers introduced testimony to the effect that, if Travelers were required to make payments under the compensation order, McKie, the employer, would be irreparably damaged in that it would be required to pay higher premiums to Travelers for its insurance coverage under the Act. It is true that § 921(b) does not provide that an insurer may not seek interlocutory relief; it merely limits the

granting of such relief to situations in which irreparable damage would otherwise ensue to the employer. Therefore, it is open to the insurer, as well as the employer, to establish irreparable damage to the employer. However, Travelers' evidence as to irreparable damage to McKie was even more speculative than its evidence as to irreparable damage to itself. There was no testimony as to the premiums presently paid by McKie nor as to the premiums it might have to pay in the future.

## II

█ . The court will now turn to Melanson's action to enforce the compensation order. Section 921(c) provides in pertinent part:

> If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order * * *

With respect to the finality of orders, § 921(a) provides:

> A compensation order shall become effective when filed in the office of the deputy commissioner * * * and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subsection (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

Since Civil Action No. 68–193–G was instituted within thirty days after the compensation order, that order has not become final and the court has no jurisdiction at this time to enforce it. It necessarily follows that the court does not have jurisdiction to grant a preliminary injunction temporarily enforcing it. Cf. Harris v. Briscoe, 1954, 94 U.S. App.D.C. 92, 212 F.2d 619, 620 (dictum); Johns v. State, Department of Highways, S.C.Alaska, 1967, 431 P.2d 148, 153. Accordingly, the court will dismiss[2] Civil Action No. 68–292–G because of

---

2. Although defendants' motion to dismiss was not filed until after the hearing, the court does not believe that an additional hearing on this motion is necessary be-

lack of jurisdiction over the subject matter.

As matters now stand, Melanson is limited to his rights under §§ 921(c) and 918. § 921(d). The court is aware of the delay which Melanson may encounter if he returns to the deputy commissioner for an order of default under § 918, and therefore a hearing on the merits has been scheduled for the near future. If Melanson should prevail, there would then be a final compensation order which would be enforceable under § 921(c).[3]

Accordingly, it is ordered:

(1) In Civil Action No. 68–193–G Travelers' motion for an interlocutory injunction staying the payment of the amounts required by the compensation order is denied;

(2) In Civil Action No. 68–292–G Melanson's prayer for a preliminary injunction enforcing the compensation order is denied;

(3) Civil Action No. 68–292–G is dismissed.

cause in cases such as this, where the absence of jurisdiction is apparent, the court may dismiss an action *sua sponte.*

3. It may also be noted that, although denial of a stay of payments in Civil Action No 68–193–G does not require Trav-

elers to make the payments, as would an order of enforcement under § 918 or § 921(c), Harris v. Briscoe, supra, it does subject Travelers to the penalty provisions of § 914(f) and may encourage it to make some payments.