**HOLLAND AMERICA INSURANCE COMPANY, and Triple A Machine Shop, Petitioners,**

**v.**

**William K. ROGERS, Deputy Commissioner, Thirteenth Compensation District, United States of America, Department of Labor, Bureau of Employees' Compensation, Respondents.**

**Angela HARPER, aka Angela Spies, Real Party in Interest.**

**No. C–69–569.**

United States District Court
N. D. California.

Jan. 12, 1970.

Kiernan & Misciagna, San Francisco, Cal., for petitioners.

Nicholas Zoller, San Francisco, Cal., for real-party in interest.

### ORDER

GERALD S. LEVIN, District Judge.

Petitioners in the above-entitled matter seek an interlocutory injunction against the payment of death benefits to Angela Spies pursuant to the provisions of the Longshoremen's and Harbor Worker's Compensation Act ["Act"] (33 U.S.C. §§ 901–950).

After a hearing on the merits, the Deputy Commissioner determined that Angela Spies was the surviving wife of a deceased employee, Julian Spies, and as such entitled to death benefits in the

amount of $36.75 per week beginning on March 10, 1969.

Petitioners have filed a petition for review, claiming that Angela Spies is not entitled to the death benefits because she is not the surviving wife of Julian Spies. This claim is premised on the belief that an earlier obtained Mexican divorce from one Homer Doyle was invalid, and hence Angela Spies remains the lawful wife of Homer Doyle and accordingly cannot be the surviving wife of Julian Spies within the meaning of the Act.

Pending determination of this matter on review, petitioners seek an interlocutory injunction, claiming that any amounts paid Angela Spies will not be recoverable, due to her financial irresponsibility, should the reviewing court decide against her claim as a matter of law. In accordance with the order issued herein by the Bureau of Employees' Compensation, the Act (33 U.S.C. § 914(f)) imposes a 20% penalty on the amount due and payable on the date of the issuance of the order if not paid within 10 days thereafter, unless review of the order is had and an interlocutory injunction staying payments is issued. The petitioners claim these facts put them on the horns of a dilemma and entitle them to an interlocutory injunction.

The Act (33 U.S.C. § 921(b)) provides that an interlocutory injunction may be issued by a United States District Court to suspend or set aside a compensation order entered under the Act. The Act (33 U.S.C. § 921(b)) specifically provides that no such injunction shall issue unless " * * * irreparable damage would otherwise ensue to the employer."

The Respondents argue that if they are successful on their petition for review they will nonetheless be unable to seek reimbursement of the amounts paid due to the financial situation of Angela Spies. It is well settled, however, that the claimant's financial irresponsibility, even if proven, does not constitute a showing of such "irreparable damage" as within the meaning of the Act would justify granting an interlocutory injunction. E. g. Employers' Mutual Liability Insurance Company of Wisconsin v. McLellan, 290 F.Supp. 910, 911 (S.D.N.Y.1967); Travelers Insurance Company v. Belair, 284 F.Supp. 168, 170 (D. Mass.1968); Higgins, Inc. v. Donovan, 249 F.Supp. 941, 942 (E.D.La.1966) aff'd, 373 F.2d 18 (5th Cir. 1967); Alabama Dry Dock & Shipbuilding Co. v. Henderson, 98 F.Supp. 1001, 1003 (S.D. Ala.1951); Seas Shipping Co. v. Cardillo, 86 F.Supp. 531, 533 (E.D.N.Y.1949); Pioneer Engineering Co. v. Cardillo, 68 F.Supp. 743, 744 (E.D.Pa.1946); American Shipbuilding Co. v. McManigal, 65 F.Supp. 297, 298 (W.D.N.Y.1946); Tucker v. Norton, 47 F.Supp. 762, 763 (E.D.Pa.1942) aff'd without opinion, 134 F.2d 172 (3rd Cir. 1943); Luckenbach S. S. Co. v. Norton, 21 F.Supp. 707, 709 (E.D.Pa.1937). This is true even where the claimant is shown to be insolvent. Jones v. Shepherd, 20 F.Supp. 345, 346 (S.D.Miss.1937).

Therefore, IT IS HEREBY ORDERED,

(1) Petitioners' motion for an interlocutory injunction be, and the same is, denied;

(2) Petitioners' alternative motion that monies due and payable under the compensation order be paid into a trustee account and there held for the benefit of both parties until the petition for review herein has been finally resolved be, and the same is, denied.