**ASSOCIATED INDEMNITY CORPORA-TION, a corporation, and Gulf Steve-dore Corporation, a corporation, Plain-tiffs,**

v.

**R. J. SHEA, Deputy Commissioner, Seventh Compensation District, Bureau of Employees' Compensation, Hurlis L. Pompey, Defendants.**

Civ. A. No. 6324–70–T.

United States District Court,
S. D. Alabama, S. D.

March 18, 1971.

A. Clay Rankin, III, G. Hamp Uzzelle, III, Mobile, Ala., for plaintiffs.

Ross Diamond, III, Charles White-Spunner, U. S. Atty., Mobile, Ala., for defendants.

DANIEL HOLCOMBE THOMAS, Chief Judge.

Isaiah Pompey, an employee of the plaintiff, Gulf Stevedore Corporation, died of a heart attack on May 5, 1967. His widow filed a claim under the Long-shoremen's and Harbor Workers' Act

(33 U.S.C.A. § 901 et seq.) on August 5, 1968. A hearing was subsequently held by the Deputy Commissioner, R. J. Shea, on June 2, 1970. Mr. Shea found that Pompey suffered his heart attack while aboard the vessel on which he was working and on October 13, 1970, ordered the plaintiffs to pay an award totaling $12,930.00 to Mrs. Pompey.

Plaintiffs filed a complaint requesting the Court to review and set aside the order of the Deputy Commissioner and further requesting the Court to issue an interlocutory injunction staying the payment of compensation under the award until the decision on the petition to review and set aside the order.

> Section 921(b) of the United States Code provides for the staying of an award, pending final decision, upon application for an interlocutory injunction "where irreparable damage would otherwise ensue to the employer. The order of the court allowing any such stay shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that such irreparable damage would result to the employer, and specifying the nature of the damage."

Judge Sherrill Halbert, a visiting Judge from Sacramento, California, during my absence from the District, granted an interlocutory injunction on October 21, 1970, with the agreement that defendant would bring the issue before me upon my return to the District. On November 27, 1970, defendant, Hurlis L. Pompey, filed a motion to reconsider and set aside the October 21, 1970, order.

Plaintiff alleges in its petition filed October 16, 1970, that they will suffer irreparable damage because of the 20% statutory penalty on a seriously contested award and defendant's inability to repay the award. Plaintiff's arguments have subsequently raised the point of her non-residency and the large amount of the award.

■ The decisions have uniformly held that financial irresponsibility coupled with the 20% penalty does not constitute irreparable damage within the meaning of 33 U.S.C.A. § 921(b). Alabama Dry Dock & Shipbuilding Co. v. Henderson, 98 F.Supp. 1001 (S.D.Ala. 1951); Seas Shipping Co., Inc. v. Cardillo, 86 F.Supp. 531 (E.D.N.Y.1949); American Shipbuilding Co. v. McManigal, 65 F.Supp. 297 (W.D.N.Y. 1946); Higgins, Inc. v. Donovan, 249 F.Supp. 941 (E.D.La.1966) (Note: The Fifth Circuit affirmed the subsequent granting of a motion for summary judgment but did not touch on the question of interlocutory injunctions. 373 F.2d 18, (1967)); Travelers Insurance Co. v. Belair, 284 F.Supp. 168 (D.Mass.1968); Holland America Insurance Co. v. Rogers, 308 F.Supp. 1031 (N.D.Cal.1970).

■ The plaintiffs further contend that they will suffer irreparable damage because of the size of the award—which they contend is that large because of her delay in filing a claim. This argument plainly stated is that Mrs. Pompey's financial irresponsibility will cause them to lose a large sum of money. The above cited cases stand for the proposition that financial irresponsibility does not constitute irreparable damage without making any qualifications about the amount of the award, and this Court is not going to add such a qualification.

■ The plaintiffs also contend the employer would suffer irreparable damages if the award was paid because Mrs. Pompey is a non-resident. There can be no jurisdictional problem due to her non-residency because she has submitted to the jurisdiction of this Court and this Court alone must decide whether the award is proper. Any other objections from plaintiffs would merely be inconvenience to plaintiff and would not constitute irreparable damage.

Therefore, it is Ordered, Adjudged and Decreed that the order of October 21, 1970, should be and is hereby Set Aside. Pursuant to agreements between counsel,

payment of the Deputy Commissioner's award must be made within five (5) days from the date of this order to avoid the statutory penalty of 20%.